**Gary D. BROCKER, Plaintiff,**

v.

**SNAP–ON TOOLS CORPORATION, Defendant.**

No. 4–90–CV–80678.

United States District Court, S.D. Iowa, C.D.

Feb. 22, 1991.

Philip Watson of Watson & Peterson, Des Moines, Iowa, for plaintiff.

Richard G. Santi of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, Des Moines, Iowa, and Michael Bowen and John F. Hovel of Foley & Lardner, Milwaukee, Wis., for defendant.

## ORDER

WOLLE, District Judge.

In this diversity action, the question before the court is whether the defendant has a right to enforce an arbitration agreement and compel arbitration pursuant to section 4 of the Federal Arbitration Act, 9 U.S.C. § 4. If so, defendant is entitled to a stay of further court proceedings until the completion of arbitration. Plaintiff's complaint asserts three claims based on the Authorized Dealer Agreement (contract) signed by the parties on September 5, 1989. In responding to defendant's request for arbitration of the claims arising under the contract, plaintiff argues that defendant waived arbitration when the parties executed a form termination agreement, with references to arbitration crossed out. This court must interpret the language of the contract and termination agreement to decide the issues here presented. Oral arguments were presented on these issues during the hearing held on January 11, 1991.

The parties stipulated at the hearing that the court should decide the questions concerning arbitration without receiving additional evidence. The language of the contract and termination agreement are controlling.

Paragraph 11 of the contract provides in pertinent part:

RESOLUTION OF DISPUTES—ARBITRATION. Any controversy or dispute arising out of or relating to this Agreement including, but not limited to, any claim by the Dealer concerning the entry into, performance under or termination of this Agreement ... or any claim of breach of the Agreement, shall be submitted to final and binding arbitration as the sole and exclusive remedy for any controversy or dispute.

The contract further provides:

THE DEALER ACKNOWLEDGES THAT THIS AGREEMENT SUPERSEDES ALL AGREEMENTS TO DATE BETWEEN THE PARTIES AND EMBODIES ALL OF THE PROMISES, UNDERTAKINGS, AND OBLIGATIONS OF THE PARTIES. THIS AGREEMENT MAY ONLY BE MODIFIED BY A SUCCEEDING AGREEMENT SIGNED BY BOTH PARTIES.

Defendant tendered to plaintiff a form termination agreement. Paragraph 6 of the termination agreement contained the following language:

This Agreement is effective as of the above date and it supersedes all prior agreements, which are now cancelled. If any dispute arises over the terms of this or any prior Agreement, the parties will submit to final, binding and confidential arbitration under the Federal Arbitration Act, as the sole method of resolving the controversy. The request for arbitration must be filed in writing within six (6) months of the above date or all claims, known or unknown, are forever waived. The rules of the American Arbitration Association shall apply. Each party shall pay its own costs of the arbitration and the fees of the arbitrator shall be shared equally. The arbitrator may not modify the terms of the written agreements between the parties, and may not award compensatory or punitive damages against either party.

On advice of counsel, plaintiff advised defendant he would sign the termination agreement only if the parties first would strike out this paragraph 6 and a paragraph 7 that did not mention arbitration. Defendant's branch manager, Chuck

McGill, crossed out paragraphs 6 and 7. Plaintiff and defendant did not discuss the language contained in paragraphs 6 and 7 before those paragraphs were removed from the termination agreement.

On September 17, 1990, plaintiff and defendant signed the termination agreement, modified by the removal of paragraphs 6 and 7.

The court may determine the parties' intent only from what they actually said and not from what they meant to say. *See Johnson Controls, Inc. v. City of Cedar Rapids, Iowa*, 713 F.2d 370, 375 (8th Cir. 1983). Here, the parties did not eliminate but left intact their pre-existing agreement to arbitrate disputes when they excised the paragraphs from the termination agreement. Had they intended to eliminate the contract provisions concerning arbitration, the parties would not have struck from their termination agreement the first line of paragraph six, which contains language voiding the contract's arbitration clause. *See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) (the court should resolve any doubts about the construction of an arbitration provision in favor of ordering arbitration); *accord, Stifel, Nicolaus & Co. v. Freeman*, 924 F.2d 157 (8th Cir.1991).

Defendant did not waive its contractual right to arbitration. *See Stifel, Nicolaus & Co. v. Freeman, supra* (listing factors to consider in determining whether arbitration is waived). Striking the arbitration language was consistent with defendant's position that a second, superseding arbitration agreement was unnecessary since the parties had not cancelled the original arbitration agreement.

Defendant's motion to stay further proceedings in this case is granted.

The parties shall file a joint written report with the court within thirty days after arbitration proceedings are completed.

IT IS SO ORDERED.