815 F.Supp. 314 (1993)
AMOCO PIPELINE COMPANY, Plaintiff,
v.
DAVE KOLB GRADING, INC., Defendant/Third Party Plaintiff,
v.
Clifford STEINMANN, Sr., et al., Third Party Defendants.
No. 91-1083C(6).
United States District Court, E.D. Missouri, E.D.
March 12, 1993.
*315 J. William Newbold, Bruce D. Ryder, Joseph C. Orlet, Coburn Croft, St. Louis MO, for plaintiff.
Charles Joley, Donovan, Rose, Nester & Szewczyk, Belleville, IL, for Dave Kolb Grading, Inc.
Stephen Hoyne, Amelung, Wulff & Willenbrock, St. Louis, MO, for Steinmann.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on various pretrial motions filed by the parties. The underlying suit arises out of a June 24, 1990 accident in which a bulldozer owned by defendant Dave Kolb Grading, Inc. (Kolb) and operated by a Kolb employee struck an underground petroleum pipeline owned by plaintiff Amoco Pipeline Company (Amoco). The pipeline is located within an easement on property owned by Clifford Steinmann, Sr., Clifford Steinmann, Jr., Ronald Steinmann and Mid River Farms, Inc. (third party defendants). Amoco seeks recovery from Kolb for damage to the pipeline allegedly occasioned by Kolb's negligent and/or intentional failure: to ascertain the location of the pipeline; to give plaintiff notice of the excavation work to be performed or to obtain information concerning the pipeline as required by Missouri law; and to heed warnings and markings posted in the area of the pipeline. Kolb has filed a claim for indemnity and contribution against the third party defendant landowners. The third party defendants have filed a counterclaim against Kolb and a crossclaim against Amoco to recover for damage to their land and crops caused by the rupture of the pipeline.

Plaintiff's motion to stay crossclaim.
Amoco moves to stay the litigation of third party defendants' crossclaim on the ground that the claim is subject to arbitration pursuant to the provisions of the general warranty deed under which the Steinmanns took title to the property and the right-of-way or option contract between Stanolind Pipeline Co. and Glen and Marguerite Short, the predecessors in interest of Amoco and the Steinmanns. The general warranty deed provides that the Steinmanns took title subject to "... easements ... of record." The option contract which was executed at the time of the installation of the pipeline provides that:
Grantee agrees to pay any damages caused by operations hereunder, to said land, and to the improvements, crops, pasturage, fences and livestock of grantors on said land, on the basis of status, condition, and use of said land and the improvements thereon, at the date of this contract. In the event the parties hereto cannot agree upon the amount of said damages, then the amount thereof shall be determined by three disinterested persons selected as follows: One by said grantors, one by said grantee and the third by the two so selected, and the written award of any two of said three persons so selected shall be final and conclusive on the parties thereto.
The option contract further provides that "the terms, conditions and provisions of this contract shall extend to and be binding upon the heirs, executors, administrators, personal representatives, successors and assigns of the parties hereto."
Amoco notes that third party defendants are successors in interest to the Shorts, the grantors under the contract, and that third party defendants took the property under the general warranty deed subject to the pipeline easement granted to Stanolind and succeeded to by Amoco. Amoco further asserts that the damages which are the subject of third party defendants' crossclaim are "damages caused by grantee's operations hereunder" within the meaning of the option contract and that the option contract contains an arbitration provision which binds the Steinmanns to arbitrate their claim against Amoco.
Third party defendants assert that their claim is not subject to arbitration because the option contract does not relate to claims arising as a result of the actions of third parties like Kolb. They contend that the *316 "operations hereunder" language restricts the obligation to arbitrate to damage claims arising from the construction of the pipeline. In support of this position they point out that the arbitration provision does not appear in the abstract of record relating to the property. Third party defendants assert in the alternative that even if the claim is arbitrable Amoco has waived its right to arbitration by initiating the instant litigation. They note that Amoco settled the claims of all owners of land adjacent to the Steinmann's property. In response, Amoco asserts that it did not initiate suit against the Steinmanns but against Kolb and that third party defendants then filed a claim against Amoco.
Upon consideration of the parties' arguments, the Court concludes that plaintiff's motion to stay the crossclaim should be granted. Where arbitration of a particular claim is sought "[t]here is a strong presumption favoring arbitration." Nordin v. Nutri/System, Inc., 897 F.2d 339, 345 (8th Cir. 1990). In deciding whether to compel arbitration, the Court must first determine whether the parties agreed to arbitrate the dispute in question. Id. Although arbitration is a favored method of dispute resolution, it is not to be imposed absent both parties' consent. Recold, S.A. de C.V. v. Monfort of Colorado, Inc., 893 F.2d 195, 197 (8th Cir.1990). In this Court's view, the option contract and the general warranty deed operate to establish an agreement to arbitrate which is binding on third party defendants. Each of the aforementioned agreements contains a provision making it applicable to the signatories' successors in interest. In addition, the "operations hereunder" language of the option contract clearly comprehends the claims alleged by third party defendants. The option contract grants the right to "lay, maintain, inspect, operate, replace, change or remove" a pipeline. Third party defendants' crossclaim alleges that the damages incurred were caused by, among other things, Amoco's failure to properly install, modify, repair, maintain and operate the pipeline. See Counterclaim and Cross-claim at par. 5; Proposed First Amended Cross-claim Against Plaintiff Amoco Pipeline Company at paragraph 4. The omission of the option contract from the abstract of record does not alter the Court's determination, especially in the absence of an assertion by third party defendants that they were in fact unaware of the existence of the contract and the arbitration provision. For these reasons the Court concludes that the crossclaim is subject to arbitration pursuant to the terms of the option contract.
The Court must also determine whether Amoco has waived its right to arbitration by initiating this suit against Kolb. Waiver is not to be lightly inferred and mere invocation of the judicial process is insufficient to constitute waiver. Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir. 1985). To prove that Amoco waived its right to arbitration, third party defendants must demonstrate 1) that Amoco knew of an existing right to arbitration; 2) that Amoco acted inconsistently with that right; 3) and that prejudice resulted from Amoco's inconsistent acts. Stifel, Nicolaus & Co., Inc. v. Freeman, 924 F.2d 157, 158 (8th Cir.1991). Amoco does not deny that it knew of its existing right to compel arbitration. However, initiation of litigation and participation in discovery on arbitrable claims may constitute actions inconsistent with the right to arbitration. Id. Whether such actions constitute prejudice is determined on a case-by-case basis. Id. at 159. Although delay in seeking to compel arbitration does not automatically constitute prejudice," "a party's failure to assert a prelitigation demand for arbitration may contribute to a finding of prejudice because the other party has no notice of intent to arbitrate." Id. In this case Amoco's invocation of the judicial process does not implicate waiver because the suit instituted by Amoco was not brought against third party defendants. Although Amoco has answered the crossclaim and responded to limited discovery regarding the issues presented in the crossclaim, it also filed a prompt motion to compel arbitration in response to the filing of the crossclaim. The Court therefore concludes that there is no basis for a finding of prejudice in this instance. Rush v. Oppenheimer & Co., 779 F.2d at 887-891.
On the basis of the foregoing, the Court concludes that Amoco has not waived its *317 right to compel arbitration and that its request for arbitration of the crossclaim should be granted.

ORDER
This matter having been reset for trial on July 26, 1993, IT IS HEREBY ORDERED that plaintiff's motion to bar expert witness and third party defendants' motion to strike motion to bar expert witness and to assess costs shall be denied as moot.
Pursuant to the memorandum filed herein on this date, IT IS FURTHER ORDERED that plaintiff's motion to stay crossclaim shall be and it is granted. Accordingly, IT IS FURTHER ORDERED that the crossclaim of third party defendants shall be and it is dismissed without prejudice pending arbitration thereof.
IT IS FURTHER ORDERED that plaintiff's motion to quash subpoena and for protective order shall be and it is denied as moot.
IT IS FURTHER ORDERED that third party defendants' motion for leave to file an amended crossclaim shall be denied as moot.