BUHLER, INC., Plaintiff,

v.

**REUTER RECYCLING OF FLORIDA, INC. and U.S. West, Inc., Defendants.**

Civ. No. 4–95–291.

United States District Court, D. Minnesota, Fourth Division.

July 10, 1995.

Walter J. Duffy, Jr., John H. Hinderaker and Faegre & Benson, P.L.L.P., Minneapolis, MN for plaintiff.

Richard O. Campbell, Nancy B. Smith and Dorsey and Whitney, P.L.L.P., Denver, CO, for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on plaintiff's motion for a temporary restraining order or, alternatively, for a preliminary injunction. At oral arguments, defendants moved to consolidate the hearing with a trial of the action on the merits. *See* Fed.R.Civ.P. 65(a)(2). Plaintiff agreed and requested that the court treat its motion for injunctive relief as one for summary judgment. Fed.R.Civ.P. 56(a) (allowing a claimant seeking a declaratory judgment to move for summary judgment 20 days after commencement of the action). The court granted both requests and allowed the parties additional time to file briefs. Based on a review of the file, record and proceedings herein, and for the reasons stated below, the court denies plaintiff's motion for summary judgment.

## BACKGROUND

On February 28, 1990, defendant Reuter Recycling of Florida, Inc. ("Reuter") contracted with AMCA International Construction Corporation ("AMCA") to act as the general contractor for a resource recovery and composting facility in Pembroke Pines, Florida ("the Reuter Facility"). Five days earlier, Reuter had contracted with plaintiff Buhler, Inc. ("Buhler") under a "System Design and Equipment Sales Agreement" whereby Buhler agreed to design the "waste recovery system" at the Reuter Facility. Buhler also agreed to sell Reuter certain waste processing and composting equipment to be incorporated into the Reuter Facility.

In January 1992, the Reuter Facility began processing municipal solid waste. On July 2, 1992, Reuter received a Notice of Violation from the Broward County Office of Natural Resource Protection. The notice cited the Reuter facility for "objectionable odor." In late 1992, Reuter closed the facility. Currently, Reuter is in the process of assigning its rights to its lender, defendant US West, Inc. ("US West"). Prior to closing the facility, however, Reuter initiated arbitration proceedings against AMCA ("the AMCA Arbitration") pursuant to an arbitration clause in the general contract between Reuter and AMCA.

In the contract between Reuter and AMCA, the parties agreed that:

*Claims and Demands.* All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, shall be decided by arbitration in Minneapolis, Minnesota in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law.

Reuter/AMCA Contract, ¶ 12.1. The arbitration agreement between Reuter and AMCA also provided that:

*Consolidation of Claims.* All claims which are relating to or dependent upon each other shall be heard by the same arbitrator or arbitrators, even though the parties are not the same, unless a specific contract prohibits such consolidation.

Reuter/AMCA Contract, ¶ 12.5. The arbitrator in the Reuter/AMCA arbitration awarded Reuter $2.5 million. This award was confirmed by the Honorable Michael J. Davis, United States District Court for the District of Minnesota.

On December 2, 1994, Reuter served Buhler with a demand for arbitration pursuant to the arbitration provision in the "System Design and Equipment Sales Agreement." Reuter's claims against Buhler included professional malpractice, breach of warranty and fraud. The agreement between Reuter and Buhler provided that:

Any controversy or claim arising out of or relating to this Agreement, or any breach hereof, shall be settled by arbitration in Minneapolis, Minnesota in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the awar[d] rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

Reuter/Buhler Contract, ¶ 11.04. The arbitration clause between Reuter and Buhler also provided that:

"Buyer [Reuter], Seller [Buhler] and all other parties concerned with the construction and development of the Facility are bound, each to the other, by this arbitration clause, provided each party has signed this Agreement or a contract that incorporates this Agreement by reference, or signs any other agreement to be bound by this or any similar arbitration clause. On the demand of the arbitrator or any other party to an arbitration initiated under the arbitration provisions of this Agreement, Buyer, Seller and any other parties bound by this arbitration provision or corresponding provision in any other agreement relating to the Facility shall be joined, become a party to, and be bound by such arbitration proceedings.

Reuter/Buhler Contract, ¶ 11.04. Following the receipt of the demand for arbitration, Buhler brought the instant action seeking declaratory relief pursuant to Fed.R.Civ.P. 57 and 28 U.S.C. § 2201. Specifically, Buhler seeks a declaration that Reuter waived any right to compel Buhler to arbitrate claims that arose out of the Reuter/Buhler contract when it failed to consolidate all claims involving the facility in Reuter's arbitration against AMCA.

## DISCUSSION

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there are no genuine issues as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Both parties agree that there are no material

facts in dispute which would make summary judgment inappropriate.

The Federal Arbitration Act ("FAA") governs this case as it applies to any "contract evidencing a transaction involving interstate commerce." 9 U.S.C. § 2. In an action under the FAA, the court's inquiry is generally limited to whether an express written agreement to arbitrate the subject matter of the dispute exists between the parties, and if so, whether the agreement to arbitrate has been breached. *See Contracting Northwest, Inc. v. City of Fredericksburg, Iowa,* 713 F.2d 382, 384–85 (8th Cir.1983) (quoting *Johnson Controls, Inc. v. City of Cedar Rapids, Iowa,* 713 F.2d 370, 373 (8th Cir.1983)). Both parties agree that Reuter and Buhler contracted to arbitrate claims that arose under the Reuter/Buhler contract. The parties also agree that Reuter's claims against Buhler are within the scope of the arbitration agreement as they arguably "aris[e] out of or relat[e] to" the Reuter/Buhler agreement to design the waste recovery system and to supply related equipment.

Buhler argues, however, that Reuter has waived its right to compel arbitration under the Reuter/Buhler contract. To prove waiver of a right to arbitrate, the moving party must show: (1) a known existing right to arbitration; (2) an act inconsistent with that right; and (3) resulting prejudice. *Stifel, Nicolaus & Co., Inc. v. Freeman,* 924 F.2d 157, 158 (8th Cir.1991) (citing *Fisher v. A.G. Becker Paribas Inc.,* 791 F.2d 691, 694 (9th Cir.1986)). The party attempting to establish waiver of the right to arbitrate carries a heavy burden in light of the presumption against waiver and the strong federal policy of enforcing arbitration agreements. *Ritzel Communications, Inc. v. Mid–American Cellular Tele. Co.,* 989 F.2d 966, 968–67 (8th Cir.1993) (citing *Nesslage v. York Sec., Inc.,* 823 F.2d 231, 234 (8th Cir.1987)). Supreme Court precedent suggests that if there is any ambiguity as to the scope of the waiver, the court is obligated to resolve the issue in favor of arbitration. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983). The court, rather than an arbitrator, decides the issue of waiver. *N*

*& D Fashions, Inc. v. DHJ Indus., Inc.,* 548 F.2d 722, 728–29 (8th Cir.1976).

Buhler argues that the first element of the *Stifel* test is easily satisfied. According to Buhler, Reuter knew it had a right to arbitrate claims against Buhler which arose under the Reuter/Buhler contract. Reuter also knew of the right to arbitrate claims against Buhler when it commenced the AMCA arbitration. Assuming, arguendo, that this satisfies the first element, the second element of the *Stifel* test requires Buhler to establish an act inconsistent with Reuter's right to compel arbitration. The inconsistent act to which Buhler points is Reuter's failure to raise all of the related claims Reuter had against Buhler in the AMCA arbitration. It is true that Reuter did not raise its claims against Buhler in the AMCA arbitration. This failure is only an inconsistent act, however, if Reuter was obligated to commence only one consolidated proceeding. The court, therefore, focuses on Reuter's rights and obligations under the separate agreements which relate to the Reuter facility. This is an issue of contract interpretation and the court must look to the language of the agreements. *See Volt Info. Sciences v. Board of Trustees,* 489 U.S. 468, 478, 109 S.Ct. 1248, 1255, 103 L.Ed.2d 488 (1989) ("[The FAA] simply requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms.").

Buhler argues that the contracts, read together, clearly demonstrate that Reuter was obligated to raise all related claims regarding the facility in one proceeding. For support, Buhler cites the court to the consolidation of claims provision in the Reuter/AMCA contract and the broad language regarding joinder of claims in the Reuter/Buhler contract. *See* Reuter/AMCA Contract, ¶ 12.5; Reuter/Buhler Contract, ¶ 11.04. Reuter argues that the language in the two contracts, at most, merely authorizes the consolidation of related proceedings if contemporaneous proceedings have been initiated. Reuter also argues that the contract provisions do not express a clear obligation to raise all claims in one proceeding.

The court finds that the contract language is susceptible to two interpretations. While the consolidation of claims provision in the Reuter/AMCA contract does use the mandatory word "shall," the scope of the provision and its relation to parties who are not signatories to the Reuter/AMCA contract, such as Buhler, is ambiguous. Further, the court notes that the language in the Reuter/Buhler contract is also ambiguous. At most, the first half of the arbitration provision binds other parties who have signed similar arbitration agreements having similar arbitration clauses to the Reuter/Buhler contract. The remaining language in the arbitration clause does mandate the joinder of parties, but only "on the demand of the arbitrator or any other party to an arbitration initiated under the arbitration provision of this Agreement." These provisions do not unambiguously require Reuter to consolidate all related claims arising from separate agreements in one proceeding. The fact that the contracts are susceptible to different meanings precludes a finding of waiver. As Reuter argues and *Stifel* makes clear, waiver is the voluntary relinquishment of a known right. *Stifel,* 924 F.2d at 158. The existence of the obligation to consolidate all claims against Buhler in the AMCA arbitration is debatable, thus, the court cannot conclude that Reuter's actions were inconsistent with a duty to join all claims in one consolidated proceeding.

Further, even if Reuter's actions could be construed to be inconsistent with a known obligation, the court finds that Buhler has not suffered prejudice sufficient to overcome the clear agreement to arbitrate and the policy in favor of enforcing the parties' agreement.

## CONCLUSION

In light of the heavy burden that Buhler must meet, and resolving all doubts in favor of arbitration, the court concludes that Reuter's failure to arbitrate all claims arising out of the construction of the facility under the Reuter/AMCA arbitration agreement is not inconsistent with its obligations under the separate contracts, therefore, the court cannot conclude that Reuter has waived its right to arbitrate disputes arising under the Reuter/Buhler contract. Accordingly, **IT IS HEREBY ORDERED** that Buhler's motion for summary judgment is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**