Delores SECRIST, Plaintiff,

v.

**BURNS INTERNATIONAL SECURITY SERVICES and Niagara of Wisconsin Paper Corporation (n/k/a Consolidated Paper Corporation), Defendants.**

No. 95–C–1099.

United States District Court, E.D. Wisconsin.

Jan. 10, 1997.

Hale & Lein, S.C. by Lynne M. Mueller, Milwaukee, WI, for Plaintiff.

Godfrey & Kahn, S.C. by Howard A. Pollack, Milwaukee, WI, for Defendants.

### DECISION AND ORDER

MYRON L. GORDON, District Judge.

The above-captioned case is an action against Burns International Security Services ["Burns"] under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ["Title VII"], and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 630 ["ADEA"], and against both defendants under the Equal Pay Act, 29 U.S.C. § 206(d) ["EPA"]. Presently before the court is the motion of defendant Niagara of Wisconsin Paper Corporation ["Niagara"] to stay this action pending arbitration.

On April 9, 1996, I signed an order staying the action against Burns pending arbitration pursuant to the "Pre–Dispute Resolution Agreement" executed by Ms. Secrist and Burns. On June 5, 1996, upon Niagara's motion, I stayed the entire case against both defendants until October 1, 1996. The court held a status conference with all parties on October 7, 1996, at which the plaintiff informed the court that both defendants were prepared to decide upon an arbitrator and that the arbitration would be binding as to Burns, but not as to Niagara. Niagara expressed its concern that this case was essentially at the same point as it was when the court issued the stay in June and asked the court to continue the stay pending arbitration. I declined to stay the action any further and entered a scheduling order, with a jury trial scheduled to start on August 18, 1997.

In the four months between the entrance of the stay in June and the October 7 status conference, the parties appear to have made no progress in arranging the arbitration. This lawsuit was filed over a year ago. A stay pending arbitration was ordered on June 5, 1996. It is now six months later, and the parties have not even selected an arbitrator. While the relevant statute does call for a stay, it does not contemplate that the court must tolerate an endless delay in addressing a resolution of the action. Thus, a limited stay will now be entered, but to determine if the arbitration has been adequately processed, this court will hold a hearing to consider whether there has been (in the words of the statute) a "default in proceeding with such arbitration." 9 U.S.C. § 3.

Therefore, IT IS ORDERED that defendant Niagara's motion to stay this action pending arbitration be and hereby is granted.

IT IS FURTHER ORDERED that the scheduling order entered on October 7, 1996 be and hereby is vacated.

IT IS ALSO ORDERED that this action be and hereby is stayed until May 21, 1997.

IT IS ALSO ORDERED that a status conference will be conducted in this action on Wednesday, May 21, 1997, at 10:30 a.m.