**Debra R. HERKO, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Michael R. Mazzella, Jr., Defendants.**

**No. 95–CV–811A.**

United States District Court, W.D. New York.

Sept. 16, 1997.

### ORDER

ARCARA, District Judge.

On September 17, 1996, defendant Metropolitan Life Insurance Co. ("Metropolitan Life") filed a motion to compel arbitration and to stay all proceedings in this action. On October 10, 1996, this case was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1). Also on October 10, 1996, plaintiff submitted papers opposing the motion. By letter dated October 29, 1996, defendant Michael R. Mazzella, Jr. joined in defendant Metropolitan Life's motion to compel arbitration. On January 29, 1997, Magistrate Judge Foschio filed a Decision and Order granting defendants' motion to compel arbitration and stay all proceedings, and dismissing as moot plaintiff's motion to compel discovery.

On February 10, 1997, plaintiff filed a motion pursuant to Fed.R.Civ.P. 72(a) or (b), to modify the Decision and Order of Magistrate Judge Foschio by reversing that portion of

the Order compelling arbitration and remanding the matter for further proceedings. Specifically, plaintiff argues that: (1) her execution of the Form U–4 did not waive her right to pursue statutory remedies for employment discrimination because the Form U–4 did not describe the types of disputes it covered and she was not provided with a copy of the NASD rules which contain such a description; and (2) defendant Metropolitan Life waived its right to arbitrate this matter due to its delay in seeking arbitration, since extensive discovery occurred in this action and plaintiff was prejudiced by the delay because the issue of arbitration was not raised in a prior state court action commenced by plaintiff. Plaintiff contends that had the issue of arbitration been raised in the state court action, plaintiff might not have been constructively discharged from her employment with Metropolitan Life. Defendants responded to the objections raised by plaintiff by memorandum of law and affidavit dated January 26, 1997. On March 17, 1997, plaintiff moved to adjourn oral argument. This motion was granted on March 28, 1997. Oral argument was held on April 30, 1997.

■ Pursuant to Fed.R.Civ.P. 72(a) and 28 U.S.C. § 636(b)(1)(A), the district court may reconsider any pretrial matter decided by a magistrate judge where it is shown that the order is clearly erroneous or contrary to law. Contrary to plaintiff's unsupported suggestion that this matter may be reviewed pursuant to Fed.R.Civ.P. 72(b), the Court finds that Magistrate Judge Foschio's Decision to stay the action and compel arbitration is a nondispositive order. *See Strappes Group, Inc. v. Siedle,* 1993 WL 443926, *5 n. 1 (D.Mass.1993); *Eckenthal v. Smith Barney, Harris, Upham & Co.,* 1992 WL 695225, *2 (D.N.J.1992).

After careful review of Magistrate Judge Foschio's Decision and Order and the parties' submissions, and after hearing oral argument, the Court finds that the Decision and Order is neither clearly erroneous nor contrary to law.[1] As an initial matter, although no copy of the Form U–4 was provided to the Court, it is undisputed that plaintiff executed this form and the parties do not dispute the relevant language in the form, which is cited in each parties' papers.

■ Further, the Court notes that plaintiff's counsel also argued that plaintiff was prejudiced by defendants' delay since she incurred approximately $45,000 in attorneys fees and disbursement expenses in bringing this action. Item No. 16, ¶ 19. When questioned about this representation at oral argument, plaintiff's counsel indicated that plaintiff had not paid any attorneys fees to date. He also indicated that he could not recall the specific terms of plaintiff's retainer agreement. The Court requested counsel to provide documentation if any such expenses would be incurred by the plaintiff in the future. No such documentation was provided to the Court. Thus, the Court finds that plaintiff has not incurred substantial out-of-pocket expenses in pursuing this action. Considering all of plaintiff's arguments, Magistrate Judge Foschio correctly found that plaintiff has not established the actual prejudice required to warrant a waiver of arbitration.

The Court finds that Magistrate Judge Foschio's Decision and Order is neither clearly erroneous nor contrary to law. Therefore, plaintiff's motion to modify the Decision and Order is denied and, in accordance with the Decision and Order, this case is stayed pending arbitration.

IT IS SO ORDERED.

---

1. The Court also finds that the Decision and Order would be proper even under a *de novo* standard of review.