ALL SAINT'S BRANDS, INC., Plaintiff,

v.

BREWERY GROUP DENMARK, A/S; Brewery Group Denmark, Inc.; Chresten Christensen; and Lars Juhl Rasmussen, Defendants.

No. CIV 98–2080 DSD/JMM.

United States District Court, D. Minnesota.

July 27, 1999.

Mark J. Briol, Briol & Associates, Minneapolis, MN, for plaintiff.

Alain M. Baudry, Maslon, Edelman, Borman & Brand, Minneapolis, MN, Christopher G. Kelly, Haight, Gardner, Poor & Havens, New York City, for defendants.

## MEMORANDUM

MASON, United States Magistrate Judge.

### Parties

Plaintiff All Saints Brands, Inc. is a Minnesota Corporation, licensed by the State of Minnesota as a wholesale distributor of beer. Brewery Group Denmark A/S ("BGD Denmark") is a Danish corporation which produces premium beers such as Faxe Premium, Ceres, Cains, and Vita Malt. Defendant Chresten Christensen is a Deputy Director of BGD Denmark. He resides in Denmark. Brewery Group Denmark, Inc. ("BGD/USA") is a Delaware Corporation with its principal place of business in Florida. It imports Faxe beer into the United States. BGD/USA is a wholly owned subsidiary of BGD Denmark. Defendant Lars Juhl Rasmussen is President of BGD/USA. He resides in Miami, Florida.

### Background

Plaintiff and Defendant BGD/USA were parties to a written Distribution Agreement concerning the distribution of Faxe beer in the United States, effective November 1, 1997. Not long after the agreement was signed, Plaintiff was terminated. Plaintiff then commenced suit against BGD/USA and Rasmussen, its President. Later, the Complaint was amended to add BGD Denmark and Christensen, one of its directors, as Defendants. Recently, the parties have filed motions concerning arbitration of the dispute.

Plaintiff asserts that it is entitled to arbitration of the value of its business under the provisions of Minn.Stat. § 325B.07, a Minnesota statute governing termination of Beer Wholesalers. Plaintiff's Motion seeks an Order to Compel arbitration with BGD/USA to determine that value, using the arbitration process specified by Minnesota law. BGD/USA opposes the Motion. It acknowledges that this issue is subject to arbitration, but contends that the arbitration process should be the process specified in the Distribution Agreement, and not the Minnesota statute.

The agreement between Plaintiff and BGD/USA contains a provision which requires that disputes "arising out of or in connection with this Agreement, or the breach thereof, which cannot be settled by mutual agreement shall be finally settled by arbitration." Affidavit of Christopher

G. Kelly, ¶ 23.1. Defendants' Motion seeks to compel arbitration of all issues raised in the litigation. Plaintiff opposes the Motion. It contends that not all parties to the litigation are parties to the agreement, and that not all issues raised in the Complaint against BGD/USA are subject to the agreement to arbitrate. Finally, it contends that the delay of BGD/USA in seeking arbitration requires that the Court decline to stay the litigation.

## ANALYSIS

### I. *Plaintiff's Motion to Compel Arbitration*

Plaintiff is a beer wholesaler. Under Minn.Stat. § 325B.07, subdivision 1, when a beer wholesaler is terminated, it has a right to receive reasonable compensation for the value of its business. Subdivision 2 of that statute provides for an arbitration process to determine what the reasonable value is.

The parties agree that the substantive right to compensation for the reasonable value of the business is preserved by the Agreement between Plaintiff and ·BGD/ USA. Plaintiff seeks an Order of the Court requiring arbitration under the process specified in the Minnesota Statute. Under that statute, a single arbitrator is selected by the parties or Chief Judge of the District Court, each party is responsible for paying one-half the cost of the arbitration, and the arbitrator's determination is final and binding upon the parties.

Defendants argue that resolution of the dispute must occur in the manner described in Paragraph 23.1 of the Distribution Agreement. Under this arbitration procedure, held in New York City, the dispute is resolved by three neutral arbitrators following the Arbitration Rules of the American Arbitration Association; Plaintiff and Defendant each select one arbitrator, and the third arbitrator is appointed by the first two. Paragraph 23 does not address payment of costs.

Plaintiff argues that the arbitration procedure described in Paragraph 23 of the Distribution Agreement is superseded by Paragraph 20.2 of the same Agreement, which preserves Plaintiff's rights under Minnesota law. Paragraph 20.2 provides, in pertinent part:

> To the extent that the laws governing rights of distributors of alcoholic beverages adopted by [Minnesota,] the state in which Distributor primarily conducts its operations would restrict Company's ability to exercise any of its rights hereunder, including, without limitation, its right to terminate this Agreement, such [Minnesota] laws shall govern the exercise of such rights, superseding the applicable provisions of this Agreement.

Affidavit of Christopher G. Kelly, Exhibit A, ¶ 20.2. Thus, Plaintiff concludes that determination of reasonable compensation should proceed in the manner described in Minn.Stat. § 325B.07.

### A. Plaintiff's Motion Is Denied on the Merits

We conclude that Plaintiff's Motion to compel arbitration under the provisions of the Minnesota statute should be denied. The substantive right to compensation created by Minnesota statute is preserved by the provisions of Paragraph 20.2 of the Distribution Agreement, as is the right to cause the parties each to pay one-half of the costs of the arbitration process. However, the process of securing these substantive rights is governed by Paragraph 23 of the Distribution Agreement, not Minnesota law.

In *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444, (1985), the Supreme Court considered a similar agreement. There, the "rights" at issue were conferred by federal antitrust laws. The parties agreed to arbitration of the dispute, rather than the judicial resolution provided by statute. The Supreme Court held that the agreement calling for an arbitral process rather than a judicial pro-

cess for determining the substantive statutory rights was enforceable. It concluded that the agreed upon arbitration "does not forego the substantive right afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Mitsubishi*, 473 U.S. at 628, 105 S.Ct. 3346.

In this case, the parties have agreed to substitute one arbitral process for another, rather than substituting arbitration for judicial resolution. The conclusion is the same. Agreement to an alternative process for determining substantive rights does not alter the substantive rights. *See also Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995); *Allied–Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995).

### B. Plaintiff's Motion is Denied for Procedural Reasons

■ We also find that Plaintiff has not properly invoked the jurisdiction of the Court to compel arbitration. A party seeking to compel arbitration of a dispute of this nature must follow the procedure set forth at 9 U.S.C. § 4. This statute provides in pertinent part:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitra-

tion or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4. The pleading requirement is not merely technical. The statutory procedure insures that there is a genuine dispute as to whether to arbitrate. Where an application for arbitration is in fact filed, and five days' written notice of the demand is given, the Court will not be involved unless the responding party fails to agree to the demand. Judicial involvement prior to this sequence is premature, since it is only "the alleged failure, neglect, or refusal of another to arbitrate" which triggers jurisdiction under 9 U.S.C. § 4.

The statutory process serves an additional purpose. If formal notice is served, the Court may analyze whether the arbitration demand satisfactorily addresses the matter about which arbitration is sought, and whether the agreement to arbitrate embraces the subject matter.

■ The pleadings do not establish that Plaintiff has provided Defendants with notice of its application to compel arbitration as required by 9 U.S.C. § 4, nor that Plaintiff has served and filed a Petition requesting arbitration in the manner provided by Minn.Stat. § 325B.07. The pleadings submitted in support of Plaintiff's Motion do not provide copies or other evidence of the "notice in writing" of an application for arbitration, nor evidence of the application itself. We conclude that the notice requirement could be satisfied by a Complaint itself, (*see Downing v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 725 F.2d 192, 196 (2d Cir.1984) (Mansfield, J., concurring)), but the Complaint in this case does not constitute an application for an Order directing that arbitration proceed, nor does it seek that relief.

Plaintiff's Second Amended Complaint asserts claims against Defendants for Fraudulent Misrepresentation (Count I);

Negligent Misrepresentation (Count II); Breach of the Covenant of Good Faith and Fair Dealing ( Count III); Bad Faith (Minn.Stat. § 325B.08) (Count IV); Tortious Interference with Contractual Relations (Count V); Tortious Interference with Prospective Business Relations (Count VI); Tortious Interference with Business Relations (Count VII); and Defamation (Count VIII). Second Amended Complaint. The Prayer for Relief seeks the following:

¶ A. That liability be imposed upon the individual defendants, and each of them, for the damages sustained by Plaintiff in an amount to be determined at trial.

¶ B. Award of actual and compensatory damages against each defendant in an amount to be determined at trial.

¶ C. Plaintiff's costs, disbursements and attorneys' fees herein.

¶ D. Such other relief as this Court deems just and proper.

Complaint, Prayer for Relief, ¶¶ A–D.

None of the Counts in the Complaint seeks recovery of the value of Plaintiff's business as provided in Minn.Stat. § 325B.07, nor does the Prayer for Relief. The Complaint does not petition the Court for an Order directing that arbitration be held. The only reference to this statutory provision occurs in Paragraph 35 of the Second Amended Complaint, which states:

BGD USA has offered no good cause for canceling, terminating or refusing to continue or renew its Agreement with All Saints as required by Minn.Stat. §§ 325B.1 to 325B.17. BGD USA has neither paid nor offered to pay reasonable compensation for the value of All Saints' business with relationship to the terminated brands pursuant to Minn. Stat. 325B.07. Concurrently herewith, All Saints is serving a Demand for Arbitration on BGD USA concerning the issue of payment of reasonable compensation as required by Minn.Stat. § 325B.07.

Complaint, at ¶ 35. This reference is insufficient to invoke the jurisdiction of the court to compel arbitration of this issue.

## II. *Defendants' Motion for a Stay*

Defendants move the Court for "an order staying this entire action pending an arbitration before the American Arbitration Association in New York State." Amended Notice of Motion and Motion. The Court may exercise its independent power to stay an action whether or not the Arbitration Act provides authority for a stay. *See Webb v. R. Rowland & Co., Inc.,* 800 F.2d 803, 808 (8th Cir.1986) (district court had inherent power to grant stay whether or not Arbitration Act provided authority); *City of Bismarck v. Toltz, King, Duvall, Anderson and Associates, Inc.,* 767 F.2d 429, 433 (8th Cir.1985) ("district court did not abuse its discretion by staying the action pending resolution of the disputes in arbitration" because the court had inherent power to grant stay to control its docket, conserve resources, and provide for just determination of case).

More than one year has passed since the termination of the Distribution Agreement. The following outline highlights the relevant sequence of events before and after the termination:

| | |
|---|---|
| 11/1/97: | Plaintiff and BGD/USA enter into a written Distribution Agreement. Affidavit of Christopher G. Kelly, Exhibit A. |
| 6/26/98: | BGD/USA sends letter to Plaintiff terminating the Distribution Agreement (Exhibit 1 to Second Amended Complaint.) |
| 9/15/98: | Plaintiff commences suit against BGD/USA and Rasmussen |
| 10/30/98: | BGD/USA Answers Complaint; Second Affirmative Defense states that the Complaint "is subject to mandatory arbitration pursuant to Paragraph 23 of the Plaintiff's |

Agreement with BGD, Inc." Answer, ¶ 110.

12/22/98: Amended Scheduling Order (See Dates Below)

3/3/99: Second Amended Complaint permitted by Stipulation (BGD Denmark and Christensen added as parties)

4/5/99: Plaintiff's Motion for Stay; Defendants' Cross Motion for arbitration of business value issue under Minn.Stat. § 325B.07

5/12/99: Hearing on Motions for Stay, Arbitration

6/3/99: Answer of Defendants to Second Amended Complaint; states that Second Amended Complaint "is subject to mandatory arbitration pursuant to Paragraph 23 of Plaintiff's Agreement with BGD, Inc." Answer to Second Amended Complaint and Affirmative Defenses, ¶ 78.

10/15/99: Plaintiff's Expert Report Due

11/15/99: Defendant's Expert Report Due

12/31/99: All Discovery to Close

11/1/99: Dispositive Motions to be filed and heard

The Pretrial Scheduling Order of the Court has been in effect since December 22, 1998.[1] The deadlines established by that Order are rapidly approaching. A stay would require adjustment of these deadlines, and would ultimately result in postponement of the trial date. Granting a stay under these circumstances would serve to frustrate expeditious resolution of this litigation. The delay which would be occasioned by the granting of a stay would adversely impact the Plaintiff. It would also interfere with the orderly administration of the calendar of the Court, and the public interest.

The delays could have been avoided by a more timely application for a stay, and by the actual submission of the dispute to arbitration. These concerns have been recognized by the Court of Appeals for the Ninth Circuit in the context of ERISA litigation. In *Fujikawa v. Gushiken*, 823 F.2d 1341 (9th Cir.1987), the court observed:

> Where delay would have an adverse impact on the statutory rights sought to be enforced or where strong considerations of public policy militate in favor of speedy judicial resolution, a stay is generally inappropriate ... the court should stay its own proceedings only when doing so would serve some legitimate interest of the parties or the court. Before any such stay is issued, the court should consider whether, under all the facts and circumstances of the case, deferring further judicial action pending the outcome of alternative dispute resolution proceedings appears to be the most appropriate.

823 F.2d at 1347.

There are additional factors to consider in this case as well. Not all of the Defendants are parties to the arbitration agreement. Not all of the issues raised in the litigation are governed by the agreement to arbitrate. Defendants have not taken the steps necessary to commence the arbitration proceedings, and have not sought to compel arbitration. This raises the likelihood of additional delays before a resolution may be had.

Having concluded that a stay is not warranted applying traditional legal principles, we now examine whether a different result is required by the Federal Arbitration Act, 9 U.S.C. § 1, et seq., pursuant to which the instant Motion is brought. Under Section 3 of the Act, the District Court, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration

1. It was recently amended to accommodate to the personal needs of a party.

has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3.

The language of some cases suggests that the Court possesses no discretion as to whether to order a stay. *E.g. Keymer v. Management Recruiters Int'l, Inc.,* 169 F.3d 501, 504 (8th Cir.1999) ("If the claims are arbitrable according to the terms of the Agreement, the proceedings must be stayed pending arbitration. *See ITT Hartford Life & Annuity Ins. Co. v. Amerishare Investors, Inc.,* 133 F.3d 664, 668 (8th Cir.1998)."). *See also Dean Witter Reynolds v. Byrd,* 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); *Houlihan v. Offerman & Co.,* 31 F.3d 692, 695 (8th Cir.1994); *C. Itoh & Co. (America) v. Jordan International Co.,* 552 F.2d 1228, 1231 (7th Cir.1977) ("[c]onsiderations of judicial economy bear no relation to 'the making and performance of an agreement to arbitrate,' and to permit a district court to deny a stay pending arbitration based on such discretionary considerations would, in our opinion, frustrate the strong federal policy in favor of arbitration which is expressed in the Federal Arbitration Act as interpreted by the Supreme Court").

Many of these cases and others do not draw a clear analytical distinction between the question of whether a party is "in default in proceeding with such arbitration" under 9 U.S.C. § 3, and the question of whether a party has a right to compel arbitration under 9 U.S.C. § 4. The issues are obviously interrelated, and the practical consequence of a decision to deny a stay may be the loss of the opportunity to arbitrate. However, different considerations apply in determining the proper answer to each of the questions.

■ We conclude that a stay should not be granted and that a "default in proceeding with arbitration" under 9 U.S.C. § 3 has occurred under the procedural and factual circumstances presented in this case: the case had been pending for a considerable period of time before the Motion for a Stay was filed; no demand for arbitration had been made at the time of the hearing on the Motion for a Stay, nor thereafter; there are issues presented in the litigation which are not governed by the arbitration agreement; and there are parties to the litigation who are not parties to the agreement to arbitrate.

A decision to order a stay would result in deferring judicial consideration of issues raised for and against persons who are not parties to the agreement to arbitrate. It would also defer judicial consideration of issues between the parties which are not subject to the agreement to arbitrate. Indeed, the failure of the Defendants to commence the arbitration proceedings, thus setting forth their claim, clouds the ability of the Court to make a determination as to which issues, and which parties, are subject to the agreement to arbitrate.

One issue unique to the question of whether a stay should issue (as opposed to the question of whether to compel arbitration), is the risk that an impasse in the litigation could result if a stay were ordered where the issues have not been presented to an arbitral forum. Just such a circumstance occurred in the matter of *Secrist v. Burns International Security Services,* 950 F.Supp. 912 (E.D.Wis.1997). In that case, the District Court judge entered an order on April 9, 1996, partially staying court proceedings pending arbitration. On June 5, 1996, the entire action was stayed. On October 7, 1996, the court held a status conference with the parties. At the time of this conference, the parties had not taken steps to begin the arbitration process. Rather, the plaintiff "informed the court that both defendants were prepared to decide upon an arbitrator ..." The Court concluded that it had the power to withhold a Stay, based upon the failure of the party to seek arbitration, but it decided under the facts of that case to grant a further limited stay. It held: "Thus, a limited stay will now be entered, but to determine if the arbitration has been adequately processed, this court will

hold a hearing to consider whether there has been (in the words of the statute) a 'default in proceeding with such arbitration.' 9 U.S.C. § 3." *Secrist,* 950 F.Supp. at 913.

In another context, the Supreme Court has expressed the view that a stay may be denied when it will be inadequate to insure the right to arbitration:

> [and] where the party opposing arbitration is the one from whom payment or performance is sought, a stay of litigation alone is not enough. It leaves the recalcitrant party free to sit and do nothing—neither to litigate nor to arbitrate. If the state court stayed litigation pending arbitration but declined to compel the Hospital to arbitrate, Mercury would have no sure way to proceed with its claims except to return to federal court to obtain a § 4 order—a pointless and wasteful burden on the supposedly summary and speedy procedures prescribed by the Arbitration Act.

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 27, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

We are not unmindful of the offer of Defendants to have the Court order it to commence arbitration proceedings.[2] While such an Order may be within the authority of the Court, it would not resolve the other issues presented by the failure to commence the arbitration proceedings. The Court avoids becoming enmeshed in additional procedural hurdles by declining a stay where a party states a desire to have arbitration, but does not commence the arbitration proceeding after lengthy delays.

At issue before the Court is only the question of whether a stay of the litigation

should be granted. The delay in seeking arbitration alone has been held sufficient to constitute a waiver of the entire right to arbitrate, under some circumstances. *St. Mary's Medical Center v. Disco Aluminum Products,* 969 F.2d 585, 591 (7th Cir. 1992) (defendant waived right to arbitration where, by delaying demand, defendant was able to obtain discovery to which it would not have been entitled, and where the defendant's delay caused plaintiff unnecessary expense of court litigation). *C.f. Stifel, Nicolaus & Co. Inc. v. Freeman,* 924 F.2d 157, 159 (8th Cir.1991) ("[d]elay in seeking to compel arbitration does not itself constitute prejudice").

The Eighth Circuit Court of Appeals has observed that " 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' " *Kansas City Southern Transport Co., Inc. v. Teamsters Local Union # 41,* 126 F.3d 1059, 1067 (8th Cir.1997) (*quoting AT & T Technologies, Inc. v. Communications Workers of Am.,* 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)). Nonetheless, the Court has the power to *stay* resolution of all claims made by non-parties to the agreement as well as those claims not within the scope of the Agreement. *See e.g. Landis v. American Water Works & Electric Co.,* 299 U.S. 248, 253–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *IDS Life Ins. Co. v. SunAmerica, Inc.,* 103 F.3d 524, 529 (7th Cir.1996) *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 20, n. 3, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Simitar Entertainment, Inc. v. Silva Entertainment,* 44 F.Supp.2d 986, 997 (D.Minn. 1999). In this case, however, a stay would

---

**2.** At the May 12, 1999 Hearing, the Court raised the issue of Defendants failure to seek a stay pending arbitration until April 5, 1999. The Court noted that if the stay were granted in the form requested by Defendants, the instant action would come to a standstill without assurance that an arbitration proceeding would commence, and would therefore be at an impasse. Defendants responded that they were "prepared to commence AAA arbitrations (whether with one or three arbitrators) immediately following the Court's order. To the extent the Court has further concerns in this regard, the court may condition the stay of proceedings on the AAA arbitration being commenced within a specified time period." Letter of Christopher G. Kelly dated May 13, 1999.

be prejudicial to the rights of the parties to the litigation who are not parties to the arbitration agreement, as well as to the prompt resolution of issues not governed by the arbitration agreement. Under these circumstances, a finding that there has been a default in arbitration or within the meaning of 9 U.S.C. § 3 is more easily made.

The question of whether to grant a Motion for a Stay pursuant to 9 U.S.C. § 3 is distinct from, and calls into consideration factors which are different than those considered on a Motion to Compel Arbitration pursuant to 9 U.S.C. § 4. For the reasons set forth in this opinion, we conclude that Defendants have not sustained their burden of establishing that a Stay should be granted as prayed for.

### ORDER

The above matter came on for hearing before the undersigned on May 12, 1999, upon Defendants' Motion to Stay Proceedings pending arbitration [Docket No. 30, 41], and Plaintiff's Cross–Motion to Compel Arbitration [Docket No. 32, 42]. Mark Briol, Esq. appeared on behalf of Plaintiff. Alain Baudry, Esq. and Christopher Kelly, Esq. appeared on behalf of Defendants.

Motions to stay proceedings and to compel arbitration constitute nondispositive matters which a magistrate judge can determine pursuant to 28 U.S.C. § 636(b)(1)(A). *See Herko v. Metropolitan Life Ins. Co.,* 978 F.Supp. 149, 150 (W.D.N.Y.1997). The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Defendants' Motion to Stay Proceedings pending arbitration [Docket No. 30, 41] and Plaintiff's Cross–Motion to Compel Arbitration [Docket No. 32, 42] are denied.