# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3055

_____

Hormel Foods Corporation,                *
                                         *
      Plaintiff-Appellee,          *
                                         *
  v.                                     *
                                         *
Chr. Hansen, Inc.,                       *
                                         *
      Defendant-Appellee,          *
                                         *
  v.                                     *
                                         *
Montana Specialty Mills, L.L.C.,         *   Appeal from the United States
                                         *   District Court for the District
      Third Party Defendant -      *   of Minnesota
      Appellant,                   *
                                         *   [UNPUBLISHED]
Hoover-Hanes Rubber Corporation,         *
Belt Concepts of America, Inc.,          *
                                         *
      Third Party Defendants,      *
                                         *
  v.                                     *
                                         *
Gerbers of Montana, Inc., Universal      *
Industries, Inc., Price Rubber          *
Corporation,                             *
                                         *
      Fourth Party Defendants-     *
      Appellees.                   *

_____

Submitted:  March 12, 2001

Filed:  June 27, 2001
_____

Before LOKEN, MURPHY, and BYE, Circuit Judges.
_____

PER CURIAM.

On June 21, 2000, Montana Specialty Mills, L.L.C., (MSM) contacted the National Grain & Feed Association (NGFA) to request arbitration of a dispute with Chr. Hansen, Inc., (Hansen) over certain shipments of mustard flour.  The mustard flour contained pepperoni contaminated with rubber particles.  At that point, MSM had been aware of Hansen's claim for over seventeen months (the contaminated shipments had been delivered prior to November 3, 1998).  The NFGA's arbitration rules provided, in relevant part, that a complaint requesting arbitration  "must be filed with the National Secretary within twelve (12) months after a claim arises, or within twelve (12) months after expiration date for performance of the contract or contracts involved."

During those seventeen months, MSM had (1) requested and received samples and photographs of the contaminated pepperoni, as well as permission to perform destructive testing on the rubber found in the pepperoni, (2) retained an expert to test the mustard and rubber samples, (3) served a copy of its expert's report on Hansen denying responsibility for the contamination, (4) answered a third-party complaint brought against it by Hansen without asserting arbitration as a defense, (5) filed fourth-party complaints against the five entities it alleged were responsible for the contamination, (6) served and briefed a motion to dismiss for lack of personal jurisdiction, (7) stipulated to an amended pretrial scheduling order to accommodate jurisdictional discovery, and (8) participated in limited discovery, with Hansen's

counsel incurring the expense of traveling from Minnesota to Montana to depose MSM's corporate designee on jurisdictional issues.

The district court[1] refused to grant MSM's request to stay the district court proceedings pending arbitration, finding that MSM was "in default in proceeding with such arbitration," 9 U.S.C. § 3, and had waived its arbitration rights by substantially invoking the litigation machinery before seeking arbitration. See Barker v. Golf U.S.A., Inc., 154 F.3d 788, 793 (8th Cir. 1998) (party waives right to arbitrate when it (1) knows of an existing right to arbitration, (2) acts inconsistently with that right, and (3) prejudices the other party by those inconsistent acts); Ritzel Communications, Inc. v. Mid-American Cellular Tel. Co., 989 F.2d 966, 969 (8th Cir. 1993) (party acts inconsistently with right to arbitrate when it substantially invokes the litigation machinery before asserting arbitration rights).

MSM appeals, contending that the district court erred in concluding that MSM's conduct prejudiced Hansen. Reviewing the issue de novo, see Stifel, Nicolaus & Co., Inc. v. Freeman, 924 F.2d 157, 158 (8th Cir. 1991), we affirm.

We disagree with the district court's suggestion that prejudice was established, in part, by the fact that some of the parties to this litigation were not subject to the arbitration agreement. See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 20 (1983) ("[A]n arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement."). We agree, however, that the overall circumstances present in this case support the conclusion that MSM substantially invoked the litigation

---

[1]The Honorable David S. Doty, Senior United States District Judge for the District of Minnesota, affirming an order of the Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota. See Fed. R. Civ. P. 72(a).

machinery before requesting arbitration, and that MSM's conduct prejudiced Hansen. We affirm without an extended discussion. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.