**Mark TIDBALL and Michael Tidball, d/b/a Tidball Farms, Plaintiffs–Appellants,**

v.

**A.G. SERVICE CENTER, L.C., Defendant–Respondent.**

No. 24323.

Missouri Court of Appeals, Southern District, Division Two.

May 24, 2002.

851

Daniel D. Whitworth, Douglas A. Parker, Myers, Taylor & Whitworth, P.C., Webb City, Mo, for appellants.

Phillip D. Greathouse, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, MO, Charles F. Kiefer, Jr., Daniel, Clampett, Powell & Cunningham, L.L.C., Springfield, MO, for respondent.

JOHN E. PARRISH, Judge.

Mark Tidball and Michael Tidball, d/b/a Tidball Farms, (plaintiffs) appeal a summary judgment in favor of A.G. Service Center, L.C., (defendant) in actions for general negligence and res ipsa loquitur negligence directed to harm caused to growing crops following the application of a herbicide plaintiffs purchased from defendant. This court affirms.

Plaintiffs brought an action against defendant that alleged defendant negligently mixed "and/or" negligently applied a chemical known as "Manifest." The Manifest was applied to approximately 315 acres on which plaintiffs grew soybeans. The chemical was applied for the purpose of weed control. Plaintiffs alleged that their crops had a serious toxic reaction to the Manifest; that as a result, plaintiffs' crop production was less than what it otherwise would have been, and the maturation of their soybeans was slowed so that it interfered with plaintiffs' ability to plant a winter wheat crop. They sought recovery from defendant on the basis of general negligence (Count IV) and, alternatively, on the basis of res ipsa loquitur negligence (Count V).[1]

Defendant moved for summary judgment. The trial court found there was no

1. Plaintiffs also sought recovery from the manufacturer of Manifest, BASF, in Counts I, II and III. Following its filing in circuit court, the case was removed to the U.S. Bankruptcy Court for the Western District of Missouri for the reason that defendant was in bankruptcy. The bankruptcy court found the claims against BASF were barred by the Federal

genuine issue as to any material fact. Summary judgment was entered for defendant and against plaintiffs on counts IV and V.

Plaintiffs raise two points on appeal:

## Point I

That the trial court erred in ruling that there was no genuine issue of material fact in dispute on [plaintiffs'] negligence claim and that [defendant] was enttitled [sic] to a judgment as a matter of law. When the record is viewed in the light most favorable to [plaintiffs], giving [plaintiffs] all benefit of the doubt, and that record reasonably supports any inference other than a judgment for the movant, a genuine issue of material fact exists and a motion for summary judgment should be overruled.

## Point II

The trial court erred in ruling that there was no question of material fact in dispute on plaintiff's res ipsa loquitor [sic] claim and that defendant was entitled to a judgment as a matter of law as plaintiffs made a prima facie showing of all the necessary elements of a claim under the res ipsa loquitor [sic] doctrine. Once the inference of negligence created by the doctrine is established, that inference cannot be rebutted at the summary judgment stage.

Rule 84.04 prescribes the requirements for appellate briefs. Subsection (a) of the rule states:

The brief for appellant shall contain:

(1) A detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with references to the pages of the brief where they are cited;

(2) A concise statement of the grounds on which jurisdiction of the review court is invoked;

(3) A statement of facts;

(4) The points relied on;

(5) An argument, which shall substantially follow the order of the points relied on; and

(6) A short conclusion stating the precise relief sought.

Subsection (d) provides, with respect to points relied on:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The [*name of agency*] erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review*], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error*]."

■ Although neither of plaintiffs' points relied on are in the form directed by

Insecticide, Fungicide, Rodenticide Act, 7 U.S.C. § 136, et seq., and granted summary judgment to BASF on those counts. The bankruptcy court subsequently remanded the case against defendant to the Circuit Court of Jasper County, Missouri, after determining defendant had liability insurance; that the bankruptcy estate assets would not be subject to any claim of plaintiffs.

Rule 84.04(d)(1), it appears that the ruling each point attempts to challenge is the granting of the motion for summary judgment; that the legal reason attempted to be asserted in each point is that one or more genuine issues of material fact exist. Neither point, however, identifies facts or circumstances that would support a submissible case. Point I identifies no factual basis for a claim of general negligence. Point II identifies no circumstance that would permit a determination of res ipsa loquitur negligence. Requirements of subparagraph (C) of Rule 84.04(d)(1) are not met.

■■■ Insufficient points relied on preserve nothing for appellate review. *Hall v. Missouri Bd. of Probation and Parole,* 10 S.W.3d 540, 544 (Mo.App.1999); *State ex rel. Div. of Child Support Enforcement v. Hinojos,* 993 S.W.2d 581, 583 (Mo.App. 1999); *Green v. McDonnell Douglas,* 977 S.W.2d 32, 33 (Mo.App.1998). This court may, nevertheless, review the record on appeal for plain error. *Bolz v. Hatfield,* 41 S.W.3d 566, 571 (Mo.App.2001).

■■■ The issue to which this appeal appears directed is a claim that "new" evidence was discovered subsequent to a deposition in which Mark Tidball testified that plaintiffs were not contending defendant negligently mixed the herbicide or negligently applied the herbicide. The "new" evidence was represented to be an opinion of an agronomist, Harold Mammen. Plaintiffs represent that an affidavit of Mr. Mammen stated an opinion that if the herbicide, Manifest, were properly applied, it would not cause the damage plaintiffs alleged occurred to their crops. Plaintiffs contend that opinion supports the conclusion, therefore, that since Manifest was applied and damage occurred, the cause of the damage to the soybeans must have been improper mixing or application of the product.

Mr. Mammen's statement does not support plaintiffs' argument. His affidavit states, "In my opinion, Manifest would not cause the injury that occurred to the [plaintiffs'] 1996 soybean crop." The only part of Mr. Mammen's statement that alluded to application of Manifest related to any future effect Manifest might have. Mr. Mammen's affidavit states, "In my opinion, Manifest applied in normal amounts would not produce any carryover effect on subsequent soybean crops planted in the same fields." This court finds no plain error in the trial court granting summary judgment. The judgment is affirmed.

PREWITT and RAHMEYER, JJ., concur.