# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3850

_____

| | | |
|---|---|---|
| Elsie Sadler, Terry Sadler, | * | |
| | * | |
| Appellees, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Green Tree Servicing, LLC, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 19, 2006
Filed: October 17, 2006

_____

Before WOLLMAN, BOWMAN, and RILEY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Green Tree Servicing appeals from the District Court's denial of its motion to compel arbitration of claims made by plaintiffs Elsie and Terry Sadler in this lawsuit. Our jurisdiction over the appeal from the arbitrability determination is invoked under the Federal Arbitration Act, 9 U.S.C. § 16(a)(1)(C) (2000) ("An appeal may be taken from . . . an order . . . denying an application . . . to compel arbitration . . . ."). We reverse and remand.

The genesis of this case is a thirty-year loan on a mobile home that BankAmerica Housing Services made to Elsie Sadler (then Smith) in 1997. She

executed a Retail Installment Contract and Security Agreement[1] that included provisions for arbitration of disputes and waiver of jury trial. In December 2004, Green Tree took over servicing the loan. At that time, Elsie and Terry Sadler lived together in the mobile home and had made all required monthly payments. Nevertheless, in January 2005, Green Tree sent a notice of default and in April 2005, a notice of foreclosure. Unable to resolve the dispute, the Sadlers removed their possessions from the mobile home. In June 2005, Green Tree sent notice that the mobile home had been sold with a deficiency of over $18,000. Counsel for the Sadlers has represented to this Court that the couple never missed a payment before the foreclosure. In fact, at oral argument, counsel said that the Sadlers continued to make post-foreclosure monthly payments according to the terms of the Agreement.

The Sadlers filed a diversity suit in the District Court alleging conversion, negligent infliction of emotional distress (as to Elsie Sadler only), and violations of Missouri statutory law resulting from Green Tree's handling of the foreclosure. The complaint also included claims for punitive damages and attorney fees and a request for a jury trial.

Green Tree moved to dismiss the complaint or, in the alternative, to compel arbitration pursuant to the terms of the Agreement executed by Elsie Sadler. The District Court held, inter alia, that Terry Sadler could not be compelled to arbitrate the dispute because he was not a party to the Agreement. The court also concluded that the Sadlers' claims were not otherwise subject to arbitration because they were based on Green Tree's "self-help" remedy, that is, the foreclosure. In the court's view, because Green Tree exercised this remedy, which is allowed under the terms of the

---

[1]The Agreement is actually captioned "RETAIL INSTALLMENT CONTRACT, SECURITY AGREEMENT, WAIVER OF TRIAL BY JURY AND AGREEMENT TO ARBITRATION OR REFERENCE OR TRIAL BY JUDGE ALONE." For obvious reasons, we have abbreviated that title for this opinion.

Agreement without first resorting to arbitration, it would be unconscionable to require the Sadlers to arbitrate claims that arise out of Green Tree's "self-help."

After briefing was completed in this case but before oral argument, we requested supplemental letter briefs from both parties. In our order, we noted that the Agreement's section on arbitration of disputes included this language: "Any controversy concerning whether an issue is arbitrable shall be determined by the arbitrator(s)." Order of April 26, 2006 (quoting Retail Installment Contract and Security Agreement at 5 (Arbitration of Disputes and Waiver of Jury Trial subpara. b)). We asked, "Does that provision require that the arbitrability vel non of the Appellees' claims be determined in the first instance by arbitrators rather than the court?" Id. Having studied the terms of the Agreement and considered the parties' supplemental briefs and arguments on the question, we conclude that the answer must be "yes."

Lack of subject-matter jurisdiction of a lawsuit cannot be waived by the parties—or ignored by the courts—at any stage of the litigation. Hunter v. Underwood, 362 F.3d 468, 476 (8th Cir. 2004). We are therefore obligated to assure ourselves that the District Court, by holding that the claims were not arbitrable, properly asserted subject-matter jurisdiction, regardless of whether the parties raised the question themselves. In this case, we took the further step of requesting supplemental briefing on the issue, giving the parties an opportunity to tell us their views before we addressed the question.

"Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995) (citations omitted). That is, we look to the Agreement to see if the parties affirmatively addressed the question of who decides arbitrability. The presumption is that disputes about

arbitrability are for the court to resolve unless there is clear and unmistakable evidence that the parties agreed to have the arbitrator determine arbitrability.  Id. at 944–45.

The section of the Agreement addressing arbitration and waiver of jury trial has four subparagraphs: "a. Dispute Resolution," "b. Arbitration," "c. Judicial Reference or Trial by a Judge," and "d. Self-Help, Foreclosure, and Provisional Remedies."  The unequivocal agreement to have the arbitrator resolve "[a]ny controversy concerning whether an issue is arbitrable" is found in subparagraph b.  The Sadlers point out, however, that their claims go to the remedies invoked by Green Tree, and those remedies are enumerated in subparagraph d.  The language in that subparagraph allows the parties "to exercise self-help remedies," including foreclosure, "before, after or during the pendency of any arbitration under subparagraph (b) above."  It is the Sadlers' position that "subparagraph d carves out an exception to the paragraph's general arbitration requirement," so "the requirement to arbitrate disputes about arbitrability [found in subparagraph b] does not apply to those cases described in subparagraph d."  Letter Brief of Appellees at 2–3.  They base this assertion on the construction of the Agreement's arbitration provision, with the four separate subparagraphs; their gloss on the interrelation of the subparagraphs; and the opinion of the Missouri Court of Appeals in GreenPoint Credit, L.L.C. v. Reynolds, 151 S.W.3d 868 (Mo. Ct. App. 2004).[2]  Because their claims arise from Green Tree's subparagraph d actions, which could be (and were) taken without first resorting to arbitration, the Sadlers contend that the arbitrability agreement in subparagraph b

---

[2]In GreenPoint Credit, L.L.C. v. Reynolds, 151 S.W.3d at 875, the court held that it would be unconscionable to compel arbitration of a borrower's counterclaims that were made in responsive pleadings to the lender's replevin case filed in state court—when the replevin action itself was excepted from arbitration by agreement of the parties.  In this case, however, Green Tree does not seek to compel arbitration for counterclaims the Sadlers made in Green Tree's foreclosure action, but for claims lodged by the Sadlers in a separate, post-foreclosure lawsuit.  In any event, the question of who should determine the arbitrability of the counterclaims was not at issue in GreenPoint.

-4-

should not apply. But the Sadlers' argument founders on the final sentence of subparagraph d (emphasis added): "Neither the obtaining nor the exercise of any such [self-help] remedy shall serve as a waiver of the right of either you or me to demand that **the related or any other dispute** or controversy be determined by arbitration **as provided above.**" We hold that the questions of arbitrability in this case are indeed for the arbitrator and that the District Court erred in deciding that the Sadlers' claims were not subject to arbitration.

We vacate the District Court's order and remand to that court with instructions to grant Green Tree's motion to compel arbitration, leaving the disputes about arbitrability to the arbitrator.[3]

_____

[3]We have taken with the case the Sadlers' motion to modify the record. The evidence that they would have us consider is irrelevant to the jurisdictional issue and to our decision that the arbitrability of the claims should be decided by an arbitrator. We therefore deny the motion as moot.