

# Missouri Court of Appeals

## Southern District

### Division One

BRANDON KEELING,                          )
                                          )
                    Respondent,           )
                                          )   No. SD36713
        vs.                               )
                                          )   **Filed: March 26, 2021**
PREFERRED POULTRY SUPPLY, LLC,            )
                                          )
                    Appellant.            )

APPEAL FROM THE CIRCUIT COURT OF NEWTON COUNTY

Honorable Gregory Stremel, Judge

## **REVERSED AND REMANDED WITH INSTRUCTIONS**

Preferred Poultry Supply, LLC, ("PPS") appeals the trial court's denial of its motion to compel arbitration. We reverse and remand because the disputes raised in Brandon Keeling's suit all arise out of or are related to the parties' construction contract, the Federal Arbitration Act ("FAA") applies as the parties had agreed, and the arbitration agreement contained in the construction contract is valid and enforceable.

## **Background**

Keeling is a poultry farmer in Newton County, Missouri. PPS is a Missouri company. The parties agreed Keeling would pay over $2 million for PPS to construct six broiler chicken buildings on Keeling's land. The agreement was reduced to writing (the

1

"Contract").  In one provision, the Contract provided it would be "governed by Arkansas law, without giving effect to principles of conflict of laws."  Another paragraph, conspicuously titled "**<u>BINDING ARBITRATION</u>**," provided, in part:

> All claims, disputes and matters in question arising out of or relating to this Contract or any claimed breach of this Contract shall be decided by binding arbitration in accordance with the Uniform Arbitration Act in force in Arkansas . . . .  This agreement to arbitrate shall be specifically enforceable under the Federal Arbitration Act since this Contract involves interstate commerce. . . .  The location of the arbitration proceedings shall be in Fayetteville, Arkansas. . . .  Any award of arbitration may be entered in the Circuit Court for Washington County, Arkansas and will have the force of a judgment from that court.

This was the only paragraph that included its own space for Keeling to acknowledge with his signature.

Keeling was not satisfied with the buildings PPS constructed.  He sued in the Circuit Court of Newton County, Missouri, for breach of contract, fraudulent misrepresentation, and negligent misrepresentation.  PPS moved to dismiss or to stay the court proceedings and compel arbitration (the "Motion").  Keeling opposed arbitration, arguing the arbitration agreement was invalid and therefore unenforceable.

### Appellate Authority

Keeling questions PPS's standing to bring this appeal and this court's authority to consider it.  Before considering the substantive issues of an appeal, we must determine whether we have authority to decide the appeal, ***R.M.A. v. Blue Springs R-IV Sch. Dist.***, 477 S.W.3d 185, 187 (Mo.App. 2015), and whether the parties have standing, ***T.V.N. v. Missouri State Highway Patrol Criminal Justice Info. Services***, 592 S.W.3d 74, 77 (Mo.App. 2019).  This court applies Missouri law to all procedural matters**. *Ameristar Jet Charter, Inc. v. Dodson Int'l Parts, Inc.***, 155 S.W.3d 50, 58 (Mo. banc 2005). We look to Missouri procedural law to determine whether a litigant may

2

appeal a trial court's order on an arbitration issue as long as the procedure does not defeat any of the rights granted in the applicable substantive law. ***Whitney v. Alltel Communications, Inc.***, 173 S.W.3d 300, 306 (Mo.App. 2005); ***Greenpoint Credit, L.L.C. v. Reynolds***, 151 S.W.3d 868, 873 n.3 (Mo.App. 2004).

Keeling argues the order is interlocutory and not a final judgment, it is not denominated "decree" or "judgment," and it does not dispose of all issues in the case. All of those assertions are correct, yet it is well-established that "an interlocutory order denying arbitration is immediately appealable upon entry under section 435.440." ***Sanford v. CenturyTel of Missouri, LLC***, 490 S.W.3d 717, 718 (Mo. banc 2016). *Accord* ***Springleaf Fin. Services, Inc. v. Shull***, 500 S.W.3d 276, 278 n.1 (Mo.App. 2016); ***Nicholson v. Surrey Vacation Resorts, Inc.***, 463 S.W.3d 358, 366-67 (Mo.App. 2015); ***Frye v. Speedway Chevrolet Cadillac***, 321 S.W.3d 429, 434 n.9 (Mo.App. 2010). The order need not be denominated as a judgment or decree, because § 435.440.1(1) RSMo.[1] permits an appeal from "an order denying an application to compel arbitration." ***Nicholson***, 463 S.W.3d at 367. This is not a peculiarity of Missouri law. The FAA permits an appeal from an order denying an application to compel arbitration, 9 U.S.C.A. § 16(a)(1)(C)[2], as does Arkansas law, Ark. Code Ann. § 16-108-228(a)(1) (West 2011).

Keeling also argues PPS is not aggrieved by the order because the court implicitly granted PPS's request "to stay litigation and compel *litigation*." (emphasis added). "'[A]ggrieved' means 'suffering from an infringement or denial of legal rights,'" ***T.V.N.***, 592 S.W.3d at 77, and in order to have standing to appeal under § 512.020, the appealing

---

[1] All statutory references are to RSMo. (2016), unless otherwise indicated.
[2] All U.S.C.A. references are to (West 2009).

party must be aggrieved by the judicial act to be reviewed on appeal. *Id.* This interlocutory appeal was brought under § 435.440.1(1) RSMo., which addresses a specific type of aggrievement: denial of an application to compel arbitration. Keeling's argument focuses exclusively on one sentence in the Motion and ignores the Motion's substance, Keeling's suggestions in opposition, and the court's description of the Motion as "seeking binding arbitration," all of which indicate the court and the parties understood the Motion was PPS's request to stay proceedings and compel arbitration. The Motion sufficiently raised the arbitration issue and the circuit court ruled adversely to PPS. PPS is aggrieved by the court's denial of the Motion.

PPS has standing to bring this appeal, which is authorized by § 435.440.1(1) RSMo.

**Principles of Review**

We review *de novo* whether there is an agreement to arbitrate, ***Springleaf***, 500 S.W.3d at 280, and whether arbitration should be compelled, ***Baker v. Bristol Care, Inc.***, 450 S.W.3d 770, 774 (Mo. banc 2014). "Before a party may be compelled to arbitrate under the FAA, a court must determine whether a valid agreement to arbitrate exists between the parties and whether the specific dispute falls within the substantive scope of that agreement. A court must compel arbitration if it determines that the parties agreed to arbitrate the dispute." ***Dunn Indus. Group, Inc. v. City of Sugar Creek***, 112 S.W.3d 421, 427–28 (Mo. banc 2003) (internal citation omitted).

A motion to compel arbitration is a separate but ancillary proceeding, seeking an equitable remedy: specific performance of a term in a contract. ***Nitro Distrib., Inc. v. Dunn***, 194 S.W.3d 339, 351 (Mo. banc 2006). "An arbitration clause is simply a particular type of forum selection clause." ***Dunn***, 112 S.W.3d at 432. "[P]arties may agree to limit the issues subject to arbitration, to arbitrate according to specific rules, and to

4

limit *with whom* a party will arbitrate its disputes." ***AT&T Mobility LLC v. Concepcion***, 563 U.S. 333, 344 (2011) (internal citations omitted).

"Arbitration is solely a creature of contract and, thus, a party cannot be required to submit to arbitration any dispute which he or she has not agreed so to submit." ***Salsman v. Leonard***, 568 S.W.3d 434, 441 (Mo.App. 2019) (internal quotation omitted). "[A]rbitration agreements are tested through a lens of ordinary state-law principles that govern contracts, and consideration is given to whether the arbitration agreement is improper in light of generally applicable contract defenses." ***Robinson v. Title Lenders, Inc.***, 364 S.W.3d 505, 515 (Mo. banc 2012). Thus, "[a]n arbitration agreement could be declared unenforceable if a generally applicable contract defense, such as fraud, duress, or unconscionability, applied to concerns raised about the agreement." ***Id.***

## Discussion

Appellant argues that the FAA applies and that the circuit court erred in denying its motion to compel arbitration as required by the FAA. We agree.

"The [FAA], *9 U.S.C. § 1 et seq. (2006)*, governs the applicability and enforceability of arbitration agreements in all contracts involving interstate commerce." ***Eaton v. CMH Homes, Inc.***, 461 S.W.3d 426, 431 (Mo. banc 2015). "[A]n agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2.

> [T]he court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."

9 U.S.C.A. § 3.

5

PPS made a *prima facie* showing that the FAA applies and compels arbitration. Keeling acknowledges existence of the Contract, both in his petition below and on appeal. That Contract includes a written arbitration agreement expressly stating such agreement "shall be specifically *enforceable under the Federal Arbitration Act* since this Contract involves interstate commerce." (Emphasis added.)

All of Keeling's claims against PPS arise out of or relate to the Contract and are subject to arbitration. Breach of contract obviously is covered, and he does not argue otherwise. His other two claims are styled as torts, but his characterization of those claims is not controlling: "[A] party cannot avoid the language of an arbitration provision by casting its complaint in tort." **Riley**, 412 S.W.3d at 291. *See also* **Lehman Properties, Ltd. P'ship v. BB & B Const. Co., Inc.**, 98 S.W.3d 470, 474 (Ark. App. 2003) (matter is not non-arbitrable under Arkansas law merely because a party characterizes its action as a tort; instead, the claim must legitimately sound in tort). To the extent Keeling claims he was fraudulently induced to enter into the Contract as a whole, the FAA requires "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." **Buckeye Check Cashing, Inc. v. Cardegna**, 546 U.S. 440, 449 (2006).

We also consider the substance of the claims. A tort claim is subject to arbitration if resolution of the claim requires reference to or construction of the parties' contract. **Riley**, 412 S.W.3d at 291. It is antagonistic to judicial economy, the purposes of arbitration, and common sense to require the parties to litigate the same or similar factual disputes in two separate tribunals. **Millennium Anesthesiology Consultants, LLC v. Walsh**, 562 S.W.3d 373, 378 (Mo.App. 2018). Here, Keeling's tort claims both involve the same or similar facts as his breach of contract claim, and resolution of all the claims

6

requires at least reference to the Contract. Keeling specifically averred that his negligent misrepresentation claim "arises out of [PPS's] acts, errors, and omissions regarding the performance of the Contract work."

Finally, we consider the relief sought. Keeling's tort claims both seek damages rather than rescission of the Contract. The damages he alleges to have suffered are attributable solely to allegedly noncompliant or substandard work by Appellant in breach of the contract. A claim is subject to the parties' arbitration agreement when damages are sought for what is fundamentally a claim of the contractor's poor workmanship. *Fiordelisi v. Mt. Pleasant, LLC*, 254 S.W.3d 120, 128 (Mo.App. 2008). For all of these reasons, Keeling's tort claims arise out of or relate to the Contract and are subject to arbitration like his breach of contract claim.

The only remaining question is whether the written agreement to arbitrate is enforceable under state-law contract principles. In general, Missouri courts will honor the parties' choice of law to govern their contractual rights and duties, as long as the application of that law is not contrary to a fundamental policy of Missouri. *Sturgeon v. Allied Professionals Ins. Co.*, 344 S.W.3d 205, 210 (Mo.App. 2011). This is true even if different laws would be applicable in the absence of such an agreement. *See Fiordelisi*, 254 S.W.3d at 125-6 (applying Missouri Uniform Arbitration Act as the parties had agreed rather than applying FAA when interpreting a contract that involved interstate commerce).

On appeal, Keeling contends the arbitration agreement is invalid due to a lack of mutuality in the parties' options to pursue other remedies outside of arbitration.[3] He

---

[3] Respondent did not raise a non-mutuality argument below. Instead, he argued that the arbitration agreement violates the most significant relationship test because Keeling is a resident of Missouri, PPS is a

directs us to a paragraph in the Contract that permits PPS, in the event of Keeling's default, to "preserve and pursue all of its rights provided for in the Contract under any applicable state law, including but not limited to, [PPS's] right to file a lien upon the land of [Keeling] upon which the building(s) has been constructed." Because PPS has this option but Keeling does not, he argues the obligation to arbitrate disputes is not mutual and he has, or should have, the same option to litigate as PPS.

Mutuality of obligation to arbitrate is not a requirement under FAA. To the extent state law requires such mutuality, it is in contravention of the FAA's directive that courts place arbitration contracts on equal footing with other contracts. ***Plummer v. McSweeney***, 941 F.3d 341, 347 (8th Cir. 2019). Under Arkansas contract law, which the parties agreed controlled their Contract, courts examine consideration as to the entire contract, so the failure of the parties to receive precisely the same benefit from the arbitration agreement does not necessarily negate mutuality of obligation. ***Jorja Trading, Inc. v. Willis***, 598 S.W.3d 1, 7 (Ark. 2020).

A non-identical obligation to arbitrate is not contrary or offensive to Missouri law, either. "'Mutuality of contract means that an obligation rests upon each party to do or permit to be done something in consideration of the act or promise of the other; that is, neither party is bound unless both are bound.'" ***Eaton***, 461 S.W.3d at 433 (quoting ***Aden***

---

Missouri-registered company, the contract was negotiated and executed in Missouri, the work was performed in Missouri, and the location of the subject matter of the contract (the buildings) is in Missouri. The outcome of this appeal would not change even if this argument had been raised in briefing to this court because the most significant relationship test is a rule of contract construction that Missouri courts look to when the parties have not made an effective choice of law provision in their contract. *See* ***Sheehan v. Nw. Mut. Life Ins. Co.***, 44 S.W.3d 389, 396 (Mo.App. 2000). Here, the parties agreed the Contract would be governed by Arkansas law generally with the agreement to arbitrate "specifically enforceable under the Federal Arbitration Act."

***v. Dalton***, 107 S.W.2d 1070, 1073 (Mo. 1937)). "[A]s long as the contract as a whole meets the consideration requirement, an arbitration clause in the contract will not be invalidated for a lack of mutuality of the obligation to arbitrate." ***Eaton***, 461 S.W.3d at 433-34. If the requirement of consideration is met, mutuality of obligation is present even if one party is more obligated than the other. ***State ex rel. Vincent v. Schneider***, 194 S.W.3d 853, 859 (Mo. banc 2006).

The Supreme Court of Missouri has interpreted "remedies as provided by law" clauses, such as the clause Keeling points to here, to be a reservation of other unspecified rights or remedies that do not nullify or are not inconsistent with an obligation to arbitrate. ***Dunn***, 112 S.W.3d at 429. This would include lien enforcement actions. ***Id.*** "Such an interpretation produces harmony and meaningfulness for both clauses." ***Id.***

This is not a case where the agreement to arbitrate lacks consideration because it is subject to unilateral change or a return promise is effectively illusory. *See* ***Baker***, 450 S.W.3d at 775-77. This case is similar to ***Eaton***, in which a construction contract governed by the FAA provided that the parties would arbitrate disputes but reserved to the contractor the option to pursue some remedies outside of arbitration, including foreclosure or enforcement of the security agreement. Although the obligation to arbitrate was not identical, the arbitration agreement was not invalid because the contract *as a whole* was supported by consideration on both sides: the contractor agreed to provide a building and the buyer agreed to pay a set price for the building. ***Eaton***, 461 S.W.3d at 434. The same could be said in this case.

Non-identical mutuality of obligation to arbitrate does not offend the FAA, Arkansas law, or Missouri law. Point I is granted.

9

## Conclusion

The parties' arbitration agreement is valid and enforceable. They chose arbitration as the forum for resolution of their disputes and their selection does not offend Missouri law or fundamental policy, so their agreement must be enforced according to its terms. The circuit court erred in refusing to compel arbitration. We reverse and remand for the court to grant Appellant's motion and to enter an order that stays the proceedings[4] and compels arbitration on all pending claims.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS

---

[4] A stay of litigation is compulsory when an order compelling arbitration is entered. Section 435.355.4 RSMo.; 9 U.S.C.A. § 3.